UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

MICHAEL BINZ,

    Petitioner,

v.

WELLS FARGO CLEARING SERV., LLC,

    Respondent.

Civil Action No. 5: 25-101-KKC

**OPINION & ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

    Wells Fargo Clearing Services, LLC ("Wells Fargo"), through counsel, has filed a motion to dismiss the petition filed by Michael Binz to vacate an arbitration award. [R. 5] The motion also seeks confirmation of the arbitration award. *See id*. Binz has filed his response. [R. 17] Wells Fargo has not filed a reply, and the deadline to do so has passed. *See* LR 7.1(c). The motion is therefore ripe for decision. The Court will also address several ancillary matters.

**I.**

    On July 16, 2024, Wells Fargo initiated arbitration proceedings against Binz by filing a Statement of Claim with the Financial Industry Regulatory Authority, Inc. ("FINRA"). [R. 1-1 at Page ID # 51] Wells Fargo claimed that Binz had failed to repay $597,622.87 he owed to it pursuant to a Settlement Agreement reached with Binz following his apparent nonperformance under a trio of promissory notes. *See id*. Wells Fargo sought enforcement of the Settlement Agreement through an award of the principal sum, nine percent interest from the date of default, and attorneys fees and costs. [R. 1-1 at Page ID # 51-52]

    Public arbitrator Barry Goldman was assigned to the matter, Case No. 24-01539. *See id*. at 53. Following selection, on October 14, 2024, Goldman completed and filed a four-page FINRA Dispute Resolution Oath of Arbitrator Submission form, appended to which was a ten-page questionnaire requiring the arbitrator to disclose any personal, professional, or financial relationship which "might

preclude an arbitrator from rendering an objective and impartial determination[.]" *See* [R. 1-1 at Page ID # 54-67] It also included the Arbitrator's Disclosure Report, which detailed Goldman's education, training, experience, known conflicts, possible conflicts, and prior arbitration proceedings in which he had participated. *See* [R. 6-1 at Page ID # 88-98]

Binz registered with FINRA's DR Portal on September 19, 2024, providing him with access to the documents pertinent to the arbitration proceeding. However, Binz did not sign the Submission Agreement or file a Statement of Answer, despite the arbitrator's October 30, 2024, Order to do so. *See* [R. 1-1 at Page ID # 51-52] Binz also did not appear for the hearing. *See id*. at 51. On December 6, 2024, the arbitrator entered his award granting Wells Fargo the $597,622.87 principal sum requested, as well as a $300.00 paper decision fee, but denying its request for interest and attorneys fees. *See* [R. 1-1 at Page ID # 52-53]

Just shy of ninety days later, on March 4, 2025, Binz filed a *pro se* "Petition to Vacate Arbitration award" against Wells Fargo in the Circuit Court of Fayette County, Kentucky. *See Binz v. Wells Fargo Clearing Services, LLC*, No. 25-CI-00816 (Fayette Cir. Ct. 2025); [R. 1-1 at Page ID # 47-50]. Relying upon Ky. Rev. Stat. 417.160(1)(a), Binz contended that the arbitration award should be vacated because it was "procured by undue means" in light of the arbitrator's alleged failure to fully disclose prior his relationship(s) with Wells Fargo. Binz did not allege that any such relationships actually existed, only that the disclosure report failed to clearly indicate that they did not. *See* [R. 1-1 at Page ID # 48-49] Wells Fargo was served with process on March 12, 2025, and removed the state court action to this Court on April 1, 2025, based upon diversity jurisdiction. *See id*. at 40-43, 46.

Wells Fargo moved to dismiss the petition pursuant to Fed. R. Civ. P. 12(b)(6) on April 22, 2025. [R. 5] Wells Fargo contends that the arbitrator's disclosures were adequate and that Binz failed to allege actual bias even if they were not. *See* [R. 6 at Page ID # 84-86] The respondent also seeks an Order confirming the award given the asserted absence of any basis to vacate it. *See id*. at 86. Although

Binz failed to timely respond to the motion, the Court granted him additional time to do so. *See* [R. 8; R. 13] Four months after the motion to dismiss was filed, Binz filed his response on August 15, 2025. [R. 17] His response states, in its entirety:

> I represent myself. It is simply remarkable to me that Wells Fargo has filed a motion to dismiss merely stating that a failure to state cause of action justifies a dismissal.
>
> It is my contention that I have properly filed a motion to dismiss based upon the failure to disclose by the arbitrator, and that falls within one of the grounds to vacate the award according to federal law and Kentucky law and therefor (*sic*) the motion should be denied in the case, decided on the merits.

*See id*. at 1.

## II.

Before deciding the substantive issues involved in the motion to dismiss, the Court addresses a few procedural matters. First, the Court noted in its July 18, 2025, Order that "Wells Fargo was required to file an answer or other responsive pleading by April 8, 2025. It failed to do so, thus placing it in default." [R. 8 at Page ID # 102] To advance the case, the Court ordered Binz to file any motion for default judgment by August 6, 2025. *See id*. In response to the Court's statement, Wells Fargo acknowledged that "the Court considers Wells Fargo to be in default" and requested permission to file an answer. *See* [R. 10 at Page ID # 105] The Court granted the request while noting that "the answer's early filing does not relieve respondent's previously-filed motion to dismiss of its untimeliness or otherwise remedy Wells Fargo's default." [R. 14 at Page ID # 119] Subsequent to the docketing of its answer, *see* [R. 15], Wells Fargo has filed a motion to set aside the entry of default, [R. 18], and a motion asking the Court to construe its previously-filed motion to dismiss as a motion for judgment on the pleadings, [R. 19].

With respect to the first motion, as the Court has previously noted Wells Fargo was required to answer or plead by April 8, 2025. *See* Fed. R. Civ. P. 81(c)(2)(C). It did not do so until two weeks after the deadline, placing itself in technical default. As a procedural matter, the Court ordered Binz to

3

file any motion for default judgment by August 15, 2025. [R. 13 at Page ID # 118] That deadline has passed without action by Binz. Binz has therefore waived any claim to relief based upon the default. In any event, the fact of default alone triggers no immediate consequence. *Accord Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (holding that a "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."). Rather, there must first be an entry of default in the docket occasioned by a party's failure to timely plead or defend as demonstrated by affidavit or otherwise. *See* Fed. R. Civ. P. 55(a); *Vinyl Kraft Acquisition, LLC v. RHI, Inc.*, No. 1: 22-CV-271-MRB, 2022 WL 18563670, at *1 (S.D. Ohio Aug. 15, 2022). Here, Binz did not seek entry of default, nor has the Clerk entered such a default, either upon his own initiative or upon direction from the Court. There is therefore no entry of default to set aside. The Court will therefore deny the motion as unnecessary.

Wells Fargo has also filed a motion requesting that the Court construe its motion to dismiss as a motion for judgment on the pleadings. [R. 19] A defense that a complaint fails to state a claim upon which relief may be granted can also be raised by motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2). Such a motion can be filed after the pleadings have closed. Fed. R. Civ. P. 12(c); *McDonald v. DNA Diagnostics Ctr., Inc.*, No. 3:20-CV-391-CRS, 2020 WL 6391553, at *2 (W.D. Ky. Oct. 30, 2020). After all, "the distinction between [the two kinds of motions] is one of timing," *Prudential Ins. Co. of Am. v. McFadden*, 504 F. Supp. 3d 627, 632 (E.D. Ky. 2020), because "a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)," *Dassault Systemes, SA v. Childress*, 828 F. App'x 229, 236 (6th Cir. 2020) (*citing Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987)). Because Binz has not filed any response in opposition to the motion and because the Court espies no prejudice to him in granting it, the Court will grant Wells Fargo's motion and evaluate its dispositive motion under Rule 12(c).

### III.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all 'well-pleaded facts' in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). If a plaintiff refers to a document in his complaint and it is central to his claims, the document will be considered part of the pleadings even if the plaintiff does not attach it to his complaint if the defendant attaches it to the motion to dismiss. *Campbell v. Nationstar Mtg.*, 611 F. App'x 288 (6th Cir. 2015) (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)). *See also Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011). A complaint must contain allegations, either expressly stated or necessarily inferred, with respect to every material element necessary to sustain a recovery under some viable legal theory. *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013). The complaint must be dismissed if it undoubtedly fails to allege facts sufficient to state a facially-plausible claim. *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012). Here, the Court evaluates Wells Fargo's Rule 12(c) motion for judgment on the pleadings using the same Rule 12(b)(6) standard. *Dassault*, 828 F. App'x at 236.

As a threshold procedural matter, the Court holds that Binz's failure to address or meaningfully contravene the grounds for dismissal asserted in Wells Fargo's motion amounts to a waiver of opposition to the motion. *See Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011) ("The district court properly declined to consider the merits of this claim because Hicks failed to address it in either his response to the summary judgment motion or his response to Concorde's reply brief."). Binz's short conclusory statement expressing his disagreement with Wells Fargo's motion, which offers no substantive argument explaining why his petition challenging the arbitrator's award is sufficient, amounts to a waiver. *See Conrad v. Bank Nat'l Ass'n*, 391 F. Supp. 3d 780, 791–92 (S.D.

Ohio June 19, 2019) ("Plaintiff does not refute Defendants' characterization of [the claim], nor does Plaintiff respond in any way to Defendants' argument that this claim should be dismissed. Thus, Plaintiff appears to concede this point and waives opposition to dismissal of this claim."); *Wood v. U.S. Bank Nat'l Ass'n*, No. 5:17-CV-2234, 2019 WL 1255229, at *3 (N.D. Ohio Mar. 19, 2019) ("A party waives opposition to an argument by failing to address it in her responsive brief.  Accordingly, the Court is not required to consider their merits and may grant judgment in [the moving party's] favor.") (cleaned up). The Court will therefore grant Wells Fargo's motion to dismiss on this ground.

In the interest of completeness, the Court will also address the respondent's motion on the merits. Regarding review of arbitral awards, the Sixth Circuit has explained:

> When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." [*Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 625 (6th Cir. 2002) (*quoting Lattimer–Stevens Co. v. United Steelworkers*, 913 F.2d 1166, 1169 (6th Cir. 1990))] "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987).

*Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005). *See also Warfield v. Icon Advisers, Inc.*, 26 F.4th 666, 669 (4th Cir. 2022) ("Convincing a federal court to vacate an arbitral award is a herculean task.").

In this case, the Court's subject matter jurisdiction is predicated upon diversity of citizenship. *See* [R. 1 at Page ID # 40-41] Kentucky law therefore governs the enforceability of the arbitrator's award. In his petition Binz invokes Ky. Rev. Stat. 417.160(1)(a), contending that the arbitrator's award was procured by "undue means." *See* [R. 1-1 at Page ID # 49] *See also Meers v. Semonin Realtors*, 525 S.W.3d 545, 549 (Ky. Ct. App. 2017) (noting that under Kentucky's Uniform Arbitration Act, "Upon application of a party, the court shall vacate an award where: (a) The award was procured by corruption, fraud or other undue means; …"). More specifically, Binz complains that when asked in the oath form whether he had "any professional, social or other relationship or interactions with any

6

relative or any of the parties or counsel to the arbitration[,]" the arbitrator responded by checking the box for "Already on Disclosure Report." *See* [R. 1-1 at Page ID # 49, ¶¶ 11, 12] According to Binz, on the Disclosure Report "the prior interactions were not defined clearly to allow an analysis of potential conflicts of interest and prejudice …" *See id*. at 49, ¶ 14.

Wells Fargo contends that Binz's petition fails to state a claim under Ky. Rev. Stat. 417.160(1)(a). [R. 6 at Page ID # 82] Oddly, however, its legal arguments are directed solely to the "partiality" or "corruption" grounds for vacatur under Ky. Rev. Stat. 417.160(1)(b); it makes no argument directed to the "undue means" ground for vacatur under Ky. Rev. Stat. 417.160(1)(a), the one actually asserted by Binz in his petition. *See* [R. 6 at 4-6] Wells Fargo is ultimately correct, however, that Binz fails to allege facts necessary to state a claim under the applicable provision.

The language found in Ky. Rev. Stat. 417.160(1)(a) mirrors a provision in the Federal Arbitration Act that permits a federal court to vacate an award if it "was procured by corruption, fraud, or undue means …" *See* 9 U.S.C. § 10(a)(1). And because the text of the federal and state enactments are functionally identical, the Court considers applicable precedent under either provision. *See LifePoint Corp. Servs. Gen. P'ship v. WellCare Health Ins. Co. of Kentucky, Inc.*, No. 3:22-CV-29-GFVT, 2023 WL 7196130, at *4 (E.D. Ky. Nov. 1, 2023) ("The KUAA mirrors the FAA, and this Court's reasoning remains the same under either the FAA or the KUAA.").

To vacate an arbitrator's award for fraud or undue means, the movant must show: (1) clear and convincing evidence of fraud; (2) fraud that materially relates to an issue involved in the arbitration; and (3) due diligence that would not have prompted the discovery of the fraud during or prior to the arbitration. *Int'l Brotherhood of Teamsters, Local 519 v. United Parcel Service, Inc.*, 335 F.3d 497, 503 (6th Cir. 2003). With respect to the first prong, "[b]oth fraud and undue means require proof of intentional misconduct or bad faith" and "connotes behavior that is immoral if not illegal." *Bauer v. Carty & Co.*, 246 F. App'x 375, 378 (6th Cir. 2007). Here, Binz alleges only that the arbitrator's "prior

interactions were not clearly defined to allow an analysis of potential conflicts of interest and prejudice …" See [R. 1 at Page ID # 49] That Binz was confused by the arbitrator's reference to the disclosure form to explain any possible conflicts fails to allege the kind of intentional misconduct or bad faith required to state a viable claim.[1] That shortcoming alone is sufficient to deny his effort to vacate the arbitrator's award.

Binz's petition also fails to allege facts necessary to satisfy the second and third elements of an undue means claim. With respect to materiality, the second element, Binz does not allege that any lack of clarity in the arbitrator's prehearing disclosures had any effect on the outcome of the hearing itself as embodied in the award. The materiality requirement demands a connection "between the alleged fraud and the basis for the arbitrator's decision." *Int'l Brotherhood of Teamsters, Local 519*, 335 F.3d at 503 (cleaned up). Binz makes no such allegation in his petition. As for the third element, Binz also fails to allege that he could not have discovered the alleged fraud during or prior to the issuance of the arbitration award through the exercise of due diligence. *See id*. Indeed, the basis for Binz's undue means claim arises from paper documents filed by the arbitrator and readily available to

---

[1] In this regard, Binz's petition is predicated upon a plainly incorrect allegation of fact regarding the arbitrator's disclosures. At the motion to dismiss stage, the Court ordinarily accepts factual allegations in the complaint as true. *D'Ambrosio*, 747 F.3d at 383. But "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Marquez v. Amazon.com, Inc.*, 69 F.4th 1262, 1269 (11th Cir. 2023) (*quoting Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205–06 (11th Cir. 2007)). Here, in his petition Binz does not accurately quote the third question on the arbitrator's oath form. Instead, he merged the second and third questions into one, thereby misrepresenting the arbitrator's responses to them. On the oath form, the second question asks whether the arbitrator has had "any professional, social, or other relationships or interactions with any of ***the parties or their employers*** in the arbitration?" The parties, in this instance, referred to Binz himself and to Wells Fargo. The arbitrator responded "no" to that question, *see* [R. 1-1 at Page ID # 56], a wholly unambiguous response. The third question on the form asks whether the arbitrator has had "any professional, social, or other relationships or interactions with any ***relative of*** any of the parties or counsel in the arbitration?" "Relative," in that context, would refer to family relations of Binz or to business entities related to Wells Fargo. The arbitrator responded "Already on Disclosure Report" to that question. *See id*. That response was also unambiguous: in the Arbitrator Disclosure Report the arbitrator disclosed seven matters in which he had served as a sole arbitrator or as a panelist and which involved as a party either Wells Fargo itself or a related business entity. *See* [R. 6-1 at 92-97] Without Binz's improper bundling of the two questions into one, the arbitrator's distinct responses were clear and unambiguous.

him through FINRA's DR portal well in advance of the hearing. *See* [R. 1-1 at Page ID # 51-52] The record refutes rather than supports his sole ground for vacatur. *See Ltd. v. J.J. Ryan Corp.*, 757 F. Supp. 3d 806, 811 (N.D. Ohio 2024).

Binz's petition fails to establish any basis to vacate the arbitrator's award, requiring dismissal of his petition. Having so concluded, the Court will grant Wells Fargo's request to confirm the award. *See BLC Lexington SNF, LLC v. Townsend*, No. 5:21-CV-223-KKC, 2025 WL 2181407, at *6 (E.D. Ky. June 27, 2025) ("On application of one of the parties, a district court possessing a basis for subject-matter jurisdiction independent of the FAA must issue an order confirming an arbitration award unless the award is vacated, modified, or corrected.") (cleaned up; citations omitted).

Accordingly, it is **ORDERED** as follows:

1. Wells Fargo's Motion to Set Aside Entry of Default [R. 18] is **DENIED** as moot.

2. Wells Fargo's Motion [to Treat] its Motion to Dismiss as a Motion for Judgment on the Pleadings [R. 19] is **GRANTED**.

3. Wells Fargo's Motion to Dismiss [R. 5], treated as a motion for judgment on the pleadings, is **GRANTED**.

4. Michael's Binz's petition, [R. 1-1 at Page ID # 47-67], is **DENIED**.

5. The Court **CONFIRMS** Arbitrator Barry Goldman's award, entered on December 6, 2024, in FINRA Case No. 24-01539, *see* [R. 1-1 at Page ID # 51-53], directing Binz to pay Wells Fargo the principal sum of $597,622.87 and the $300.00 paper decision fee.

6. The Court will enter an appropriate Judgment.

7. This matter is **STRICKEN** from the docket.

Entered:  January 20, 2026.



Signed By:
*Karen K. Caldwell*
**United States District Judge**